United States Courts Southern
District of Texas
FILED

MAR 1 3 2026

Nathan Ochsner, Clerk of Court

**United States District Court**

**Southern District of Texas**

**Corpus Christi Division**

| | | |
|---|---|---|
| **Roberto Salinas** | § | |
| **Plaintiff, pro se** | § | |
| **v.** | § | **Civil Action No. _____** |
| **Sergeant Lucas Wallek,** | § | |
| **Captain Matilda Almanza, individual** | § | |
| **Defendants,** | § | |

## I. Jurisdiction and Venue:

1. This action is brought pursuant to 42 U. S. C § 1983 and the Forth and Fourteenth Amendment to the United States Constitution.
2. Jurisdiction is founded upon 28 U.S.C. § 1331 (Question) and 28 U.S.C. § 1343 (Civil Rights).
3. Venue is proper in the Southern District of Texas, under 28 U.S.C. 1391 (b), as the events giving rising to these claims occurred in Duval County, Texas.

## II. Parties:

**Roberto Salinas** is a resident of San Diego, Texas. He brings this action on his own behalf.

4. **Defendant Lucas Wallek :** Sergeant with the Duval County Sheriff's Office. He is being sued in his individual and official capacity.

Defendant Matilda Almanza:

At all times relevant, Almanza was a Captain with the Duval County Sheriff's Office She is sued in her individual capacity for her failure to investigate and in her Official Capacity.

5. **Defendant Matilda Almanza:** Captain with the Duval County Sheriff's Office. She is being sued in her individual and official capacity.

6. **Defendant Duval County:**
   A political subdivision of the State of Texas, liable for the unconditional policies and custom of it's Sheriff's Office.

## III. Statement of Facts:

7. On October 6, 2024, plaintiff was performing masonry work on the mother-in-laws residence located on his 10.10-acer property.

8. Plaintiff discovered a third party (Pegasus Construction) had damaged his private property and three mesquite trees. Plaintiff contacted 911 and began taking photos for evidence of the damage.

9. Defendant Wallek arrived at the scene and refused to accept a report, classifying the property damage as a "civil matter" Wallek the accused Plaintiff – who was in his own property -of being under the influence.

10. On October 20, 2024, and his wife **Carol Salinas, were wor**king on the same mother in laws residence when a neighbor (Robert Wilson) made verbal threats toward them. Plaintiff contacted 911 for assistance.

11. Officer Canales and Officer Pedraza arrived, interviewed the parties, and departed the area without incident.

12. Within one- or two-minutes Defendant Wallek arrived at the property and entered Plaintiffs gated private property without a warrant or consent.

13. Plaintiff and his wife explicitly informed Defendant Wallek that he did not have permission or consent to enter. Wallek claimed "exigent circumstances" regarding the safety of his officers, despite officer Pedraza and officer Canales having already left the property unharmed.

14. Defendant Wallek ordered the arrest of Plaintiff for illegal residents. Plaintiff's 10-year-old son, R.J.S. Jr was present and witnessed the entire unlawful arrest.

15. Upon arrival at the County jail, Defendants added to the October 6, 2024, incident.

16. Plaintiff spoke with Defendant Matilda Almanza regarding the charges, **Almanza** failed to investigate the 911 audio or fact that Wallek was not present during the alleged crimes, relying solely on the officers' statements to justify the detention.

17. "Defendant Almanza intentionally omitted or failed to mention Defendant. Wallek's presence at the scenes in official documentation. This was a deliberate attempt to protect Defendant Wallek's and conceal the fact that he was not a witness to the alleged illegal restraint and had no personal knowledge to justify the arrest,"

18. Defendant Almanza violated Plaintiff's Fourteenth Amendment rights by falsifying or omitting material facts in her review of the arrest. Specifically, by not mentioning Defendant Wallek's involvement, she shied him from accountability and allowed an unlawful arrest to proceed despite having access to evidence (911 recording), that proves Wallek was not present during the alleged incident.

19. Defendant Almanza claimed to have obtained a warrant for Plaintiff's arrest within approximately two minutes of the request. The timeframe made it physically and legally impossible for a neutral magistrate to review the supporting affidavit or for Almanza to have provided a truthful account of the events, further proving that the warrant was pretexted to justify an already unlawful seizure

**Count IV.: Municipal Liability (Monell Claim) Against Duval County.**

20. Plaintiff incorporates by reference all preceding paragraph and further alleged that the constitutional violations committed by Defendant **Wallek** and defendant **Almanza** were the direct result of a **president, widespread practice and custom** within the Duval County sheriff's office.

21. Defendant **Duval County,** as a political subdivision, has maintained a custom of **Deliberate Indifference** towards the Fourth Amendment rights of its residents. This custom includes but is not limited to.

- The practice of entering private and gated residential property (curtilage without a warrant, consent, or genuine exigent circumstances.

•. The practice of executing arrest without probable cause following a "civil matter' as a form of retaliation or harassment.

•. The failure of supervisory officials such as Defendant **Almanza to** properly investigate and correct officer misconduct even when presented with exculpatory evidence (such as 911 audio).

22. The county has **actual or constructive knowledge** of these ongoing constitutional violations. This knowledge is evidenced by the multiple, separate civil rights clams currently filed by the Plaintiff against the County and its officers, including four (4) distinct claims currently pending before the **United States Court of Appeals for the Fifth Circuit.**

23. Despite being put on notice of these repeated violations since at least 2021. **Duval County has** failed to implement adequate training, supervision, or disciplinary measures to prevent its officers from trespassing on and seized individuals within their private 10.10 acer properties.

24. This official custom of failing to train and supervise was the "moving force" behind the unlawful entry and arrest of the Plaintiff on October 20,2024. As a direct and proximate result of the County custom, the Plaintiff and his family –including his minor son, **RJS, SALINAS JR.** – have suffered significant loss of liberty, emotional trauma, and a violation of their fundamental constitutional rights.

25. Malicious prosecution (14th Amendment)

Plaintiffs incorporate paragraphs as in fully set forth herein

•. (Against Wallek and Almanza initiated a criminal proceeding against the Plaintiff without probable cause and with legal malice.

Defendant Almanza claimed to have secured an arrest warrant within two (2) minutes of the request. This timeframe is physically impossible for a neutral and detached magistrate to perform a meaningful review of the facts, the evidence, or the supporting affidavit.

•. The speed at which this warrant was "obtained" proves that Defendant Almanza provided false or misleading information to the Court, or bypassed judicial review entirely, in a deliberate attempt to retroactively justify Defendant Wallek's unlawful entry and seizure of the Plaintiff.

•. This "instant" warrant was a pretextual sham used to facilitate a malicious prosecution against the Plaintiff, despite Defendants knowing that the 911 recording and eyewitness testimony from Carol Salinas and RJS. It would have cleared the Plaintiff.

## V. Claims for Relief

22.  Count I. (4th Amendment): Unlawful Entry/trespass against Defendant Wallek.

23. Count II (4TH AMENDMENT): False arrest/Unlawful Seizure against Defendant Wallek.

24. Count III (14th Amendment) Violation (due process/Failure to investigate.

• Plaintiff incorporated by reference all preceding paragraphs as if fully set forth herein.

•. Defendant Almanza had a clearly established duty to ensure that deprivation of Plaintiff's liberty was based on truthful information and actual probable cause.

•. Following the arrest on October 20, 2024, Defendant Almanaza conducted a review of the charges. . During this process, Almanza deliberately omitted any mention of Defendant Wallek's involvement or presence at the two scenes.

•. Despite having access to the 911 audio recording and statements from the responding (officers Canales and officer Pedraza) which contradicted claims, Defendant Almanza ignored this exculpatory evidence

•. By "protecting" Wallek and omitting his name from the narrative of two scenes. Defendant Almanza acted with deliberate indifference to the Plaintiff's constitutional rights, directly resulting in Plaintiff's continued unlawful detention and filing of false charging

**25. Count IV. (Monell Claim): Against Duval County.**

**26. The constitutional violations committed by Defendants Wallek and Almanza** were. a president, widespread , widespread custom within the Duval County of ongoing Fourth Amendment rights on private property.

**27.** The county has actual notice of these violations through multiple civil rights claims filed by the Plaintiff, including Salinas v. Perez, 2:23-cv-00160, (consolidated claims, and Roberto Salinas v. Romeo R. Ramirez, 2:24-cv00168, which are currently on appeal before the Fifth Circuit Court of Appeals.

**28.** Despite these notices, the County has failed to train or discipline its officers, making this custom the "moving force" behind the Plaintiff's injuries.

**V. Request for Relief.**

**Plaintiff's request:**

1.  **Compensatory Damages** for loss of liberty and emotional distress to the Plaintiff and his family.
2.  **Punitive Damages** against Defendant Wallek and Almanza.
3.  **Declaratory Judgement** that the warrant**less entry and arrest were unconditional.**
4.  **Permanent Injunction** preventing further trespass on Plaintiffs property .

**Certified of Service**

I herby certify that on this day ___*11 th*___ of March, 2026, a true and correct copy for the foregoing Original Complaint was served upon the following parties via US mail addressed as follow.

Sergeant L. Wallek and Captain Matilda Almanza @ the Duval County Sheriff's Office

401 E. Collins Ave., San Diego, Texas 78384. Via hand diliver.

**Respectfully Submitted**

*Roberto Salinas*

**PO. Box 373**

**San Diego, Texas 78384**

salinasrobert361@gmail.com