United States District Court
Southern District of Texas

**ENTERED**

June 29, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| ROBERTO SALINAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:26-CV-00075 |
| | § | |
| SERGEANT LUCAS WALLEK, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Roberto Salinas brought this civil rights lawsuit under 42 U.S.C. § 1983, *pro se* and *in forma pauperis*.  (Doc. No. 1.)  Plaintiff alleges that his civil rights were violated by the defendants in various ways in connection with his arrest for the Texas state offense of unlawful restraint.  *See* Doc. No. 1 (complaint); Doc. No. 15 (screening questionnaire response); Tex. Penal Code § 20.02.  Plaintiff states that he is on bond for his unlawful restraint arrest, but that he has not yet been indicted.  (Doc. No. 15, pp. 3, 6.)

In a previous order, the Court stayed this suit pending the resolution of the unlawful restraint matter for which Plaintiff is on bond.  (Doc. No. 16.)[1]  Plaintiff has now filed a "response" to the Court's stay order, asking the Court to lift the stay.  (Doc. No. 17.)  The Court construes Plaintiff's "response" as a motion for reconsideration of the stay order.

As noted in the Court's prior order, Plaintiff's arrest and subsequent placement on bond indicates that a criminal proceeding exists, even if he has not yet received formal criminal charges.  In *Heck v. Humphrey*, the Supreme Court held that a plaintiff bringing a § 1983 action cannot recover damages for allegedly unconstitutional conviction or imprisonment, or for other

---

[1] This case has been referred to the undersigned magistrate judge for case management and recommendations on dispositive matters.  *See* Doc. No. 5; 28 U.S.C. § 636.

harm caused by actions whose unlawfulness would render a conviction or sentence invalid. 512 U.S. 477, 486-87 & n.6 (1994). If a plaintiff's case would necessarily imply the invalidity of his conviction, then *Heck* bars recovery and the suit must be dismissed, unless the conviction has been invalidated. *Id.* at 487.

In deciding to stay this lawsuit, the Court reasoned that "a favorable judgment for Plaintiff in this case would call into question the validity of Plaintiff's conviction in his state court case, if he is eventually convicted there." (Doc. No. 16, p. 2.) In his construed reconsideration motion, Plaintiff notes, as he did in his response to the Court's screening questionnaire, that he has not received any formal notice of charges. (Doc. No. 17, p. 2; *see also* Doc. No. 15, p. 1.)

If Plaintiff is criminally prosecuted and convicted, then he may not be entitled to seek damages for his arrest and prosecution on the unlawful restraint charge until such time (if any) that the conviction has been declared invalid. *See Heck*, 512 U.S. at 487. *Heck* does not yet apply, because there is no conviction, *see Wallace v. Kato*, 594 U.S. 384, 393-94 (2007), but federal courts may stay civil rights claims like this one that attack the legality of an arrest, prosecution, and detention until such time as the allegedly improper state conviction has been concluded. *See Pellerin v. Neustrom*, Civ. No. 6:11-0776, 2011 WL 6749019, at *2 (W.D. La. Dec. 22, 2011). Here, though, Plaintiff protests that he is still not formally charged, even 20 months after the arrest.

District courts have inherent power to control the disposition of the cases on their dockets with economy of time and effort for themselves, litigants, and counsel. *See United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). In deciding whether to stay a civil action because of a parallel criminal case, courts in the Fifth Circuit generally consider six factors: (1) the extent to

which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interest of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. *See Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 398-99 (S.D. Tex. 2009) (Hacker, M.J.) (collecting cases); *see generally Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

As to the first factor, review of Plaintiff's claims, as set forth in the complaint and in his questionnaire response, indicates that they are wholly bound up with Plaintiff's arrest for unlawful restraint and the actions taken by Duval County Sheriff's Department officers to present his case for his initial appearance before the state magistrate. *See* Doc. No. 1, pp, 2-3 ¶¶ 7-19. Although Plaintiff has not been indicted (second factor), he states in his complaint that he was arrested based on a warrant and was placed on bond after his arrest, indicating that a state magistrate found probable cause to arrest him. *See* Tex. Const. art. 1 § 9. Although Plaintiff discounts the validity of that finding, an initial presumption of validity attaches to the affidavit used to support the arrest warrant. *See Schmidt v. Guerrero*, No. SA-24-CV-1437, 2026 WL 1834395, at *9 (W.D. Tex. June 24, 2026) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Plaintiff does appear to strongly desire to proceed with this civil action (third factor), but at the same time he does not identify any prejudice or burden that might result from a stay – indeed, Plaintiff waited nearly 17 months after his arrest to bring this action – and the Court itself discerns no particular prejudice or burden. Meanwhile, the statute of limitations for any unlawful restraint charge may be nearing: a two-year limitations period applies to misdemeanor charges of that offense. *See* Tex. Code Crim. Proc. art. 12.02(a); Tex. Penal Code § 20.02. A

3 / 5

decision whether to formally charge Plaintiff would therefore need to be made in the near future. The balance of interests (represented by the third, fourth, fifth, and sixth factors), in the Court's view, at this time favors the maintenance of the stay: because the civil suit appears dependent on the outcome of a criminal proceeding that could be nearing the end of its limitations period, the interests of justice are better served by allowing the criminal process to play out.

The Court therefore finds that it remains appropriate to stay this case until any criminal proceedings have concluded. Rather than levy an indefinite stay, however, the Court now ORDERS as follows:

- Plaintiff's construed motion for reconsideration and to lift the stay (Doc. No. 17) is DENIED.

- Plaintiff shall file a status report every 30 days, with the first such report due on **July 27, 2026**, advising the Court whether formal criminal proceedings have been instituted in his case. If criminal proceedings are brought, Plaintiff must state what those charges are, the court in which they are brought, and the date of the next scheduled event in the criminal case. Plaintiff shall continue to file such status reports **every 30 days thereafter** until the Court lifts the stay.

- Plaintiff is ORDERED to file a motion to reopen this case and lift this stay within 21 days after the conclusion of his criminal case, if charges are brought.

- Plaintiff is ORDERED not to file any other motion or other document, other than the motion to reopen the case and lift the stay, without first obtaining leave of Court.

ORDERED on June 29, 2026.

MITCHEL NEUROCK
United States Magistrate Judge